**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————————

**No. 03-4793**

—————————

UNITED STATES OF AMERICA,

                              Plaintiff - Appellee,

        versus

RICHARD TIMOTHY CARROLL,

                              Defendant - Appellant.

—————————

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Richard L. Voorhees, District Judge.  (CR-02-227-V)

—————————

Submitted:  May 17, 2004          Decided:  June 15, 2004

—————————

Before LUTTIG, TRAXLER, and SHEDD, Circuit Judges.

—————————

Affirmed by unpublished per curiam opinion.

—————————

R. Deke Falls, Charlotte, North Carolina, for Appellant.  Robert J. Conrad, Jr., United States Attorney, Keith M. Cave, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

—————————

Unpublished opinions are not binding precedent in this circuit.  See Local Rule 36(c).

PER CURIAM:

A jury convicted Richard Timothy Carroll of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (2000). Carroll appeals, challenging the admission of certain evidence and the propriety of the district court's denial of his motions for a judgment of acquittal and a new trial. We affirm.

Carroll first contends that the district court erred by admitting evidence of "other crimes" under Fed. R. Evid. 404(b). Evidence is admissible under Rule 404(b) if it is necessary, reliable, relevant to an issue other than character, and more probative than prejudicial. United States v. Hodge, 354 F.3d 305, 311-12 (4th Cir. 2004). "Limiting jury instructions explaining the purpose for admitting prior bad acts evidence and advance notice of the intent to introduce such evidence provide additional protection to defendants." Id. Our review of the trial transcript convinces us that the district court did not abuse its discretion in admitting evidence under Rule 404(b). See id. (stating standard of review).

Next, Carroll asserts that the district court erred by denying his motion for a judgment of acquittal under Fed. R. Crim. P. 29, by failing to prove that he possessed the firearms charged in the indictment. Where, as here, the motion was based on insufficient evidence, "[t]he verdict of a jury must be sustained if there is substantial evidence, taking the view most favorable to

the Government, to support it." <u>Glasser v. United States</u>, 315 U.S. 60, 80 (1942).  In order to prove a § 922(g) violation, the Government had to show that Carroll voluntarily and intentionally possessed the firearms.[*]  <u>United States v. Gallimore</u>, 247 F.3d 134, 136 (4th Cir. 2001) (discussing elements of the offense).  Our de novo review of the trial transcript leads us to conclude that the evidence established that Carroll possessed the firearms.  <u>See United States v. Ryan-Webster</u>, 353 F.3d 353, 359 (4th Cir. 2003) (stating standard of review).

Finally, Carroll asserts that the district court erred by denying his motion for a new trial under Rule 33 of the Federal Rules of Criminal Procedure based upon the sufficiency of the evidence.  We review a district court's denial of a Rule 33 motion for an abuse of discretion.  <u>United States v. Perry</u>, 335 F.3d 316, 320 (4th Cir. 2003) (stating standard of review), <u>cert. denied</u>, 124 S. Ct. 1408 (2004).  "[A] court should exercise its discretion to grant a new trial sparingly . . . and . . . should do so only when the evidence weighs heavily against the verdict."  <u>Id.</u> (internal quotation marks and citations omitted).  We find no abuse of discretion in the district court's denial of Carroll's motion for a new trial.

---

[*]The Government also must prove that Carroll was previously convicted of a felony and that the firearms had traveled in or affected interstate commerce. <u>Gallimore</u>, 247 F.3d at 136. Carroll stipulated to these elements of the offense at trial.

Accordingly, we affirm Carroll's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED